Pro Se 2 (Rev 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

District of South Dakota

Southern Division

| | | |
|---|---|---|
| **KIRA MARIE HERAL** | ) | Case No. ___4:25-cv-4186___ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| **SOUTH DAKOTA DEPARTMENT OF SOCIAL** | ) | |
| **SERVICES; MATT ALTHOFF; TERESA M. SCHULTE;** | ) | |
| **BETH ADSERO; KATIE HECK; STATE OF SOUTH** | ) | |
| **DAKOTA; LARRY RHODEN** | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | | |
| *names of all the defendants cannot fit in the space above, please* | | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.)* | | |

## COMPLAINT AND REQUEST FOR INJUNCTION

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kira Marie Heral |
| Street Address | 1606 Pine Street |
| City and County | Yankton, Yankton County |
| State and Zip Code | South Dakota, 57078 |
| Telephone Number | 605-929-9649 |
| E-mail Address | kiramheral@gmail.com |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

| | |
|---|---|
| Name | SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES |
| Job or Title *(if known)* | State Government Entity |
| Street Address | 700 Governors Drive |
| City and County | Pierre, Hughes County |
| State and Zip Code | South Dakota, 57501 |
| Telephone Number | 605-773-3165 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | MATT ALTHOFF |
| Job or Title *(if known)* | Cabinet Secretary, South Dakota Department of Social Services |
| Street Address | 700 Governors Drive |
| City and County | Pierre, Hughes County |
| State and Zip Code | South Dakota, 57501 |
| Telephone Number | 605-773-3165 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | TERESA M. SCHULTE |
| Job or Title *(if known)* | Administrative Law Judge, Office of Administrative Hearings |
| Street Address | 700 Governors Drive |
| City and County | Pierre, Hughes County |
| State and Zip Code | South Dakota, 57501 |
| Telephone Number | 605-773-3165 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | See attached for the Complete Defendant List |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
42 U.S.C. § 1983 (civil rights violations); Americans with Disabilities Act Title II (42 U.S.C. § 12132); Section 504 of the Rehabilitation Act (29 U.S.C. § 794); Fourteenth Amendment substantive due process and equal protection violations under the U.S. Constitution.

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual

   The plaintiff, *(name)* _____ , is a citizen of the

   State of *(name)* _____ .

   b.   If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated

   under the laws of the State of *(name)* _____ ,

   and has its principal place of business in the State of *(name)* _____

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of

   the State of *(name)* _____ . Or is a citizen of

   *(foreign nation)* _____ .

      b.     If the defendant is a corporation

          The defendant, *(name)* _____, is incorporated under

          the laws of the State of *(name)* _____, and has its

          principal place of business in the State of *(name)* _____.

          Or is incorporated under the laws of *(foreign nation)* _____,

          and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.     The Amount in Controversy

         The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.     Where did the events giving rise to your claim(s) occur?

         1606 Pine Street
         Yankton, Yankton County
         South Dakota, 57078

_____

    B.     What date and approximate time did the events giving rise to your claim(s) occur?

         April 9, 2025, at approximately 14:00

_____

C.    What are the facts underlying your claim(s)?  *(For example: What happened to you? Who did what?*
*Was anyone else involved?  Who else saw what happened?)*
Plaintiff is a 32-year-old disabled individual with Type 1 diabetes, autism, cerebral anoxia, and functional
neurological disorder requiring 24/7 medical assistance. Defendants terminated Plaintiff's medically
necessary HOPE waiver services effective April 5, 2025. Defendant Beth Adsero conducted a
discriminatory 15-minute assessment on April 9, 2025, stating, "autism does not count" to determine
eligibility for cognitive support. Since termination, Plaintiff has documented over 561 unsafe glucose
hours (23 full days) between April 5 and September 9, 2025, including repeated ER-level emergencies.
On August 17, 2025, Plaintiff suffered a life-threatening 692 mg/dL blood glucose emergency requiring
treatment in the ER. On August 18, 2025, one day after this medical crisis, Defendant Teresa Schulte
signed the final service denial despite actual knowledge of the life-threatening condition. This
demonstrates deliberate indifference to Plaintiff's serious medical needs and disability discrimination.
See attached Statement of Claim for more details.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you
sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation
could not be measured.

Plaintiff faces ongoing life-threatening medical emergencies that cannot be compensated by monetary damages.
Without skilled nursing services, plaintiff experiences prolonged unsafe glucose crises, totaling over 561 hours
(23 days) between April 5 and September 9, 2025, including 9 extreme fingerstick readings above 500 mg/dL and
a peak of 692 mg/dL on August 17, 2025. Monetary damages cannot restore health, prevent death, or remedy
these violations. The discrimination and deliberate indifference create continuing irreparable harm to plaintiff's
civil rights.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

Plaintiff requests: (1) Temporary and permanent injunctive relief ordering immediate restoration of HOPE waiver
services; (2) Enter a Permanent Injunction requiring ongoing provision of medically necessary services and
accommodations; (3) Declaratory judgment that defendants' actions violated federal civil rights laws; (4)
Compensatory damages of $1,000,000 for constitutional violations and medical harm; (5) Punitive damages
against individual defendants; (6) Attorney's fees and costs; (7) Such other relief as the Court deems just; (8)
Award damages for negligence and gross negligence under state law

See attached Relief for more details.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          09/19/2025

Signature of Plaintiff

Printed Name of Plaintiff      Kira Heral

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Print          Save As...          Add Attachment                    Reset

# COMPLETE DEFENDANT INFORMATION

---

## Defendant No. 1: SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES

Job/Title: State Agency
Street Address: 700 Governors Drive
City and County: Pierre, Hughes County
State and ZIP Code: South Dakota, 57501
Telephone: 605-773-3165

## Defendant No. 2: MATT ALTHOFF

Job/Title: Cabinet Secretary, South Dakota Department of Social Services
Sued in: Individual and Official Capacity
Street Address: 700 Governors Drive
City and County: Pierre, Hughes County
State and ZIP Code: South Dakota, 57501
Telephone: 605-773-3165

## Defendant No. 3: TERESA M. SCHULTE

Job/Title: Administrative Law Judge
Sued in: Individual and Official Capacity
Street Address: Office of Administrative Hearings, 700 Governors Drive
City and County: Pierre, Hughes County
State and ZIP Code: South Dakota, 57501
Telephone: 605-773-3165

COMPLETE DEFENDANT INFORMATION

## Defendant No. 4: BETH ADSERO

Job/Title: DSS Benefits Specialist
Sued in: Individual and Official Capacity
Street Address: 3113 Spruce St # 200, City and County: Yankton,
Yankton County
State and ZIP Code: South Dakota, 57078
Telephone: 605-591-1644 / 605-202-9391

## Defendant No. 5: KATIE HECK

Job/Title: Regional Operations Manager of Department of Human
Services, Long Term Services & Supports Division
Sued in: Individual and Official Capacity
Street Address: 114 Market Street Suite 102
City and County: Vermillion,
State and ZIP Code: South Dakota, 57069
Telephone: 605-591-1645

## Defendant No. 6: STATE OF SOUTH DAKOTA

Job/Title: State Government Entity
Street Address: State Capitol, 500 E Capitol Ave
City and County: Pierre, Hughes County
State and ZIP Code: South Dakota, 57501

## Defendant No. 7: LARRY RHODEN

Job/Title: Governor of South Dakota
Sued in: Individual and Official Capacity
Street Address: Office of the Governor, 500 E Capitol Ave
City and County: Pierre, Hughes County
State and ZIP Code: South Dakota 57501
Telephone: 605-773-3212

COMPLETE DEFENDANT INFORMATION

2

# STATEMENT OF CLAIM

---

## A. Plaintiff's Disabilities and Medical Needs

**1.** Plaintiff has been disabled since 2017 with complex medical needs, including  Type 1 diabetes, autism, cerebral anoxia causing brain damage, and developed functional neurological disorder (dementia-like symptoms without physical brain deterioration).

**2.** Plaintiff's primary care physician has documented that Plaintiff requires medical monitoring due to medical complexity. Multiple medical specialists document:

- Severe memory impairments preventing safe diabetes management
- Inability to remember insulin pump maintenance, meal timing, and medication schedules
- Life-threatening consequences from diabetes mismanagement
- Autism-related processing difficulties requiring specialized accommodations

**3.** Plaintiff's conditions create documented medical emergencies when proper oversight is unavailable, including dangerous blood glucose fluctuations requiring emergency intervention.

## B. Service History and Discriminatory Termination

**1.** As Plaintiff's medical condition deteriorated, Plaintiff began receiving medically necessary services through South Dakota's HOPE waiver program in January of 2024, demonstrating clear eligibility and medical need.

Statement of Claim

**2.** When Plaintiff's structured family caregiver moved out in April 2025, Plaintiff contacted DSS to restore external home services while maintaining waiver eligibility.

**3.** On April 9, 2025, Defendant Beth Adsero conducted a discriminatory assessment of Plaintiff's needs, deliberately limiting the evaluation to 15 minutes on Plaintiff's front porch.

**4.** During this assessment, Defendant Adsero:
- Failed to accommodate Plaintiff's autism-related need for comprehensive indoor evaluation
- Declined to review extensive medical documentation from multiple specialists
- Made predetermined conclusions about Plaintiff's capabilities without proper assessment
- Explicitly stated discriminatory criteria excluding autism from cognitive support services

**5.** Defendant Adsero stated during the assessment that "autism does not count" and that "only Alzheimer's or dementia counts for cognitive support," implementing facially discriminatory policies in violation of federal disability rights laws.

**6.** Based on this inadequate and discriminatory assessment, Defendants terminated Plaintiff's medically necessary services effective April 5, 2025.

Statement of Claim

2

## C. Documented Medical Crisis and Life-Threatening Consequences

**1.** Since loss of service on April 5, 2025, Plaintiff's continuous glucose monitor has objectively documented 561+ unsafe hours (≈23 full days) between April 5 and September 9, 2025, with three ER visits and nine fingerstick readings over 500 mg/dL. On July 31, 2025, August 17, 2025, and September 13, 2025, Plaintiff required emergency department treatment for diabetic complications.

**2.** This objective medical data demonstrates the direct causal relationship between service denial and life-threatening medical deterioration. The ongoing pattern of medical emergencies continues, as evidenced by Plaintiff's most recent emergency department visit.

**3.** On August 17, 2025, Plaintiff experienced a blood glucose reading of 692 mg/dL requiring emergency hospital treatment: a level that could cause coma or death.

## D. Administrative Appeal and Deliberate Indifference

**1.** Plaintiff properly appealed the service denial through administrative channels, filing comprehensive medical documentation and written objections.

**2.** On August 12, 2025, Plaintiff submitted a written objection describing ongoing ER-level medical crises. The agency's Notice of Final Decision (Exhibit A) acknowledges receipt of that objection, but ignored its substance and upheld the termination of services.

**3.** Despite actual written notice of Plaintiff's August 17, 2025 life-threatening medical emergency, Defendant Teresa M. Schulte signed the final administrative denial on August 18, 2025 - one day after the documented medical crisis.

Statement of Claim

3

**4.** No reasonable judicial officer could believe that signing a service denial the day after a documented 692 mg/dL medical emergency was constitutional, demonstrating willful deliberate indifference to clearly established rights.

## E. Executive Level Knowledge and Systemic Ratification

**1.** Plaintiff contacted multiple government officials at all levels documenting the ongoing medical emergencies, including:
- Multiple communications with DSS supervisors and administrators
- Formal complaints to the Governor's office
- Detailed documentation of daily medical crises affecting Plaintiff's minor child

**2.** On August 15, 2025, Plaintiff had a 48-minute recorded phone conversation with Defendant Katie Heck, providing detailed documentation of ongoing medical emergencies and requesting immediate assistance.

**3.** Despite actual knowledge of Plaintiff's life-threatening medical condition, Defendant Heck acknowledged the situation but refused to provide relief, stating she would "try to get the complaint to someone, somewhere maybe."

**4.** Plaintiff contacted the Governor's office, resulting in a referral to Defendant Lee Hosman, establishing executive-level knowledge of the constitutional violations.

**5.** Plaintiff contacted additional political advocates who confirmed systemic patterns of discrimination within South Dakota's disability services system.

Statement of Claim

4

**6.** These communications resulted in Defendant Matt Althoff being notified of Plaintiff's case in his capacity as Cabinet Secretary, but he failed to remedy the ongoing constitutional violations despite having ultimate policy authority.

**7.** Multiple sources with knowledge of South Dakota's disability services system have confirmed patterns of systemic discrimination and failure to provide constitutionally required services to qualified disabled individuals.

## F. Recorded Government Admissions and Pattern Evidence

**1.** Plaintiff has recorded admissions from government officials explicitly acknowledging:

- Discriminatory criteria excluding autism from cognitive support services
- Knowledge of Plaintiff's ongoing life-threatening medical condition
- Systemic patterns of denying services to qualified disabled individuals
- Failure to provide constitutionally required accommodations and services

**2.** These recorded admissions establish actual knowledge of constitutional violations and deliberate maintenance of discriminatory policies at the highest levels of state government.

Statement of Claim

# I.  CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF 42 U.S.C. § 1983 - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS (Individual Capacity - All Individual Defendants)

**1.** Plaintiff incorporates all preceding allegations.

**2.** Defendants, acting under color of state law in their individual capacities, demonstrated deliberate indifference to Plaintiff's serious medical needs by:
- Maintaining service denial despite actual knowledge of 383+ documented medical emergencies
- Signing administrative denial one day after life-threatening hospitalization
- Refusing to remedy known constitutional violations despite executive-level notification
- Implementing and maintaining policies causing ongoing life-threatening harm
- Continuing to deny services despite 561+ hours spent in ER-level glucose ranges requiring immediate medical intervention

**3.** Defendants' conduct violated Plaintiff's Fourteenth Amendment rights to substantive due process and constitutes deliberate indifference to serious medical needs under established Supreme Court precedent.

**4.** Defendants' violations were willful and undertaken with knowledge that their conduct violated clearly established constitutional rights.

Relief

1

## COUNT II: VIOLATION OF 42 U.S.C. § 1983 - DUE PROCESS VIOLATIONS (Individual and Official Capacity - All Defendants)

**1.** Plaintiff incorporates all preceding allegations.

**2.** Defendants violated Plaintiff's procedural and substantive due process rights by:
- Conducting inadequate assessment without proper accommodations
- Refusing to consider extensive medical evidence
- Implementing discriminatory criteria in policy and practice
- Denying fundamental rights to life, safety, and equal protection

**3.** These violations constitute denial of due process under the Fourteenth Amendment.

## COUNT III: AMERICANS WITH DISABILITIES ACT TITLE II VIOLATIONS (42 U.S.C. § 12132) (Individual and Official Capacity - All Defendants)

**1.** Plaintiff incorporates all preceding allegations.

**2.** Defendants discriminated against Plaintiff based on disability by:
- Implementing facially discriminatory policies stating "autism does not count"
- Failing to provide reasonable accommodations during assessment processes
- Denying equal access to public programs based solely on disability type
- Maintaining services for some cognitive disabilities while excluding others

Relief

2

**3.** These actions constitute intentional discrimination under Title II of the ADA.

## COUNT IV: SECTION 504 REHABILITATION ACT VIOLATIONS (29 U.S.C. § 794) (Individual and Official Capacity - All Defendants)

**1.** Plaintiff incorporates all preceding allegations.

**2.** As recipients of federal funding, Defendants violated Section 504 by excluding Plaintiff from participation in federally funded programs solely on the basis of disability.

## COUNT V: MONELL LIABILITY - POLICY AND CUSTOM VIOLATIONS (Official Capacity Defendants)

**1.** Plaintiff incorporates all preceding allegations.

**2.** Defendants DSS and State of South Dakota maintained official policies, customs, and practices that caused constitutional violations, including:

- Discriminatory criteria excluding autism from cognitive support services
- Inadequate assessment protocols failing to accommodate disabilities
- Patterns of denying services to qualified individuals
- Failure to train personnel on constitutional requirements
- Recorded admissions from supervisory personnel acknowledging discriminatory policies and ongoing constitutional violations

## COUNT VI: ATTORNEY'S FEES AND COSTS

**1.** Plaintiff incorporates all preceding allegations.

Relief

3

**2.** Plaintiff is the prevailing party in this civil rights action brought under 42 U.S.C. § 1983, the ADA, and Section 504 of the Rehabilitation Act.

**3.** Under 42 U.S.C. § 1988 and 42 U.S.C. § 12205, Plaintiff is entitled to reasonable attorney's fees and costs incurred in this litigation.

## COUNT VII: SOUTH DAKOTA CONSTITUTION VIOLATIONS - EQUAL PROTECTION AND DUE PROCESS

**1.** Plaintiff incorporates all preceding allegations.

**2.** The South Dakota Constitution provides equal protection and due process guarantees equivalent to federal constitutional protections.

**3.** Defendants' discriminatory denial of services and inadequate assessment procedures violated Plaintiff's rights under Article VI, § 18 (equal protection) and Article VI, § 2 (due process) of the South Dakota Constitution.

## COUNT VIII: NEGLIGENCE AND GROSS NEGLIGENCE

**1.** Plaintiff incorporates all preceding allegations.

**2.** Defendants owed Plaintiff a duty of care to provide adequate assessment and appropriate services under state regulations and professional standards.

**3.** Defendants breached this duty by conducting inadequate assessments, ignoring medical evidence, and maintaining service denial despite knowledge of life-threatening consequences.

**4.** Defendants' conduct constituted gross negligence given their actual knowledge of Plaintiff's deteriorating medical condition and deliberate disregard for Plaintiff's safety.

Relief

4

**5.** This negligence directly and proximately caused Plaintiff's injuries, including 383+ medical emergencies and ongoing life-threatening conditions.

# I.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

**A.** Issue a Temporary Restraining Order and Preliminary Injunction requiring Defendants to immediately reinstate Plaintiff's medically necessary services and accommodations pending final judgment;

**B.** Enter a Permanent Injunction requiring:
1. Ongoing provision of medically necessary services and accommodations
2. Elimination of discriminatory policies and criteria
3. Implementation of constitutional assessment protocols
4. Training of personnel on disability rights requirements

**C.** Enter Declaratory Judgment that Defendants' actions violated:
1. The Fourteenth Amendment to the U.S. Constitution
2. Title II of the Americans with Disabilities Act
3. Section 504 of the Rehabilitation Act
4. 42 U.S.C. § 1983

**D.** Award compensatory damages against individual capacity Defendants in excess of $100,000 for:
1. Medical expenses and costs from 383+ blood glucose emergencies
2. Pain and suffering from life-threatening medical crises

Relief

5

3. Emotional distress from ongoing constitutional violations
4. Loss of quality of life and ability to function safely
5. Loss of constitutional rights including fundamental right to life and safety

**E.** Award punitive damages against individual capacity Defendants for willful and egregious constitutional violations;

**F.** Award costs and reasonable attorneys' fees under 42 U.S.C. §§ 12205 and 1988;

**G.** Grant any additional relief this Court deems just and proper;

**H.** Award damages for negligence and gross negligence under state law

Relief

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Heral, Kira M

**(b)** County of Residence of First Listed Plaintiff     Yankton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kira Marie Heral, Pro Se
1606 Pine Street
Yankton, SD 57078
605-929-9649

## DEFENDANTS

SD Department of Social Services; Althoff, Matt; Schulte, Teresa; Adsero, Beth; Heck, Katie; State of South Dakota, Larry Rhoden

County of Residence of First Listed Defendant     Hughes County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983; 42 U.S.C. § 12132; 29 U.S.C. § 794

Brief description of cause: Disability discrimination and deliberate indifference to serious medical needs in denial of HOPE waiver services

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1,000,000 + injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND:     [X] Yes     [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE _____          SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

MIKE Hanou
1606 PENIS ST
YANKTON, SD 57078

PRAYED BY
RUTH DAKOTA
(GSJ)

US District Court
District of SD
400 Phillips Ave
Sioux Falls, SD 57104



**UNITED STATES POSTAL SERVICE.** | **Retail**

**P**

**US POSTAGE PAID**

**$18.65**

Origin: 57078
09/19/25
4698100078-04

**PRIORITY MAIL®**

6 Lb 1.80 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 09/22/25

C033

SHIP TO:

400 S PHILLIPS AVE
SIOUX FALLS SD 57104-6848

USPS SIGNATURE® TRACKING #



9510 8137 0097 5262 3227 23

