UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KIRA MARIE HERAL,<br><br>    Plaintiff,<br><br> vs.<br><br>SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES; MATT ALTHOFF, Cabinet Secretary, South Dakota Department of Social Services, in his individual and official capacity; TERESA M. SCHULTE, Administrative Law Judge, in her individual and official capacity; BETH ADSERO, DSS Benefits Specialist, in her individual and official capacity; KATIE HECK, Regional Operations Manager of Department of Human Services, Long Term Services & Supports Division, in her individual and official capacity; STATE OF SOUTH DAKOTA; and LARRY RHODEN, Governor of South Dakota, in his individual and official capacity,<br><br>    Defendants. | 4:25-CV-04186-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY UNITED STATES MARSHAL SERVICE |

  Plaintiff, Kira Marie Heral, filed a pro se lawsuit. Docket 1. The court denied Heral's motion to proceed in forma pauperis, Docket 7, and Heral paid the full civil filing fee. The court directed Heral to arrange for service of process on each of the defendants and notified Heral of the court's intention, pursuant to Rule 4(m), to dismiss her claims without prejudice if she does not serve each defendant by **December 22, 2025**. Docket 8. Heral moves for an order directing the United States Marshal Service (USMS) to serve all defendants.

Docket 10. Heral contends that she has disabilities that limit her ability to effectuate proper service, that the legal requirements to effectuate proper service on government entities and officials sued in their individual and official capacities are beyond her pro se capabilities, and that she is requesting time-sensitive emergency relief. *Id.*

Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). In this case, because of the number of defendants, and Heral's complex medical conditions, the court grants Heral's motion for service by the USMS. Although the court denied Heral's motion to proceed in forma pauperis, because of the number of the defendants, it may be cost prohibitive for Heral to serve all defendants. Heral's motion states that the USMS "is experienced in serving government defendants and can ensure proper service in compliance with all technical requirements." Docket 10 at 4. When the court orders service by the USMS in accordance with Rule 4(c)(3), the plaintiff is required to complete and return to the Clerk of Courts a summons and Marshal Service Form (Form USM-285) for each defendant, and the USMS then attempts to serve each defendant at the address identified in the USM-285 form. As the instructions for completing the USM-285 form state, the plaintiff is "responsible for providing accurate and sufficient information that will identify the individual or entity to be served[.]". To the extent Heral is requesting that the court instruct the USMS how service is to be properly effectuated on

governmental entities or government officials sued in their individual and official capacities, Heral's motion is denied.

Thus, it is ORDERED:

1. That Heral's motion for service of process by United States Marshal (Docket 10) is granted to the extent stated in this order.

2. That the Clerk of Court shall send Heral seven blank summonses and Marshal Service Forms (Form USM-285) so that she may cause the complaint to be served on the defendants.

3. That Heral shall complete and return to the Clerk of Court a summons and USM-285 form for each defendant. Upon receipt of the completed summonses and USM-285 forms, the Clerk of Court will issue the summonses.

4. That the United States Marshal Service will serve the completed summonses, together with a copy of the complaint (Docket 1), motion for preliminary injunction and/or temporary restraining order (Docket 2), and this order upon each defendant.

5. That each defendant will serve and file an answer or other responsive pleading to the complaint on or before 21 days following the date of service. Each defendant will also serve and file a response to Heral's motion for preliminary injunction and/or temporary restraining order on or before 21 days following the date of service.

6. That Heral is on notice of this court's intention to dismiss her claims without prejudice, pursuant to Rule 4(m), against any defendant that

is not served by **December 22, 2025**, unless Heral can show good cause for her failure to serve the defendant(s).

Dated October 27, 2025.

          BY THE COURT:

          /s/ *Karen E. Schreier*
          KAREN E. SCHREIER
          UNITED STATES DISTRICT JUDGE