UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KIRA MARIE HERAL,<br><br>          Plaintiff,<br><br>   vs.<br><br>SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES; MATT ALTHOFF, Cabinet Secretary, South Dakota Department of Social Services, in his individual and official capacity; TERESA M. SCHULTE, Administrative Law Judge, in her individual and official capacity; BETH ADSERO, DSS Benefits Specialist, in her individual and official capacity; KATIE HECK, Regional Operations Manager of Department of Human Services, Long Term Services & Supports Division, in her individual and official capacity; STATE OF SOUTH DAKOTA; and LARRY RHODEN, Governor of South Dakota, in his individual and official capacity,<br><br>          Defendants. | 4:25-CV-04186-KES<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff, Kira Marie Heral, filed a pro se lawsuit. Docket 1. After Heral's motion for leave to proceed in forma pauperis was denied, Heral paid the full civil complaint filing fee. Docket 7. Heral now moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Docket 35.

In a civil case, there is no constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). But "[t]he court may request an attorney to represent any person unable to afford counsel." 28

U.S.C. § 1915(e)(1). Heral paid the full civil complaint filing fee, and she is not proceeding in forma pauperis. Thus, the court does not have authority under 28 U.S.C. § 1915(e)(1) to appoint an attorney to represent Heral.

Moreover, even if Heral were indigent, at this stage of the proceedings, her motion for appointment of counsel would be denied. A district court is accorded "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011 (citation omitted). When determining whether to appoint counsel to a pro se litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted).

Heral moves for appointment of counsel under 28 U.S.C. § 1915(e)(1), which requires that she demonstrate she cannot afford counsel. But Heral states that her "primary barrier is not financial—it is the genuine unavailability of civil rights counsel at any price." Docket 35 at 3. Section 1915(e)(1) does not authorize this court to require an attorney to appear as counsel for an indigent civil litigant. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989). To the extent Heral requests that the court order an experienced civil rights attorney who has a full caseload to represent Heral in this case, the court cannot do so.

2

Additionally, at this stage, Heral does not demonstrated that the court should request that an attorney represent her. Heral's filings to date demonstrate that she is capable of clearly setting forth her claims. She has consistently set out detailed factual allegations in support of her claims. *See, e.g.*, Docket 1 at 9–19, Docket 2, Docket 2-2, Docket 10, Docket 14, Docket 14-1, Docket 33. Heral submitted a 26-page affidavit containing 98 paragraphs in support of her motion for appointment of counsel. Docket 35-1. Heral contends that she does not understand legal doctrines that may be applicable to some of the affirmative defenses defendants have raised, but her motion seems to indicate otherwise. Docket 35 at 5. In any event, the court understands all the legal doctrines referenced in Heral's motion. *See id.* If defendants move for summary judgment based on a legal doctrine or principle that is not applicable, defendants' motion will be denied regardless of whether Heral submits a brief arguing that the doctrine is not applicable.

Finally, Heral contends that she "cannot functionally litigate[]" because of an underlying medical condition. *Id.* at 6. As previously discussed, Heral's filings clearly and thoroughly outline her claims. The court anticipates that defendants' counsel will accommodate any medical limitations Heral has when scheduling depositions, and Heral may seek court intervention if the parties are unable to resolve any discovery scheduling issues. Similarly, if Heral cannot meet any upcoming deadlines, she may file a motion to extend, as she has already done in this case. *See* Docket 33. Typically, the court does not schedule hearings before considering dispositive motions, but if a hearing is

necessary in this case, Heral may request permission to appear by telephone or by video if she is unable to travel.

Thus, it is ORDERED that Heral's motion for appointment of counsel, Docket 35, is denied.

Dated January 26, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE